IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KIRK ALTMANSHOFER,** | **:** | |
| **Plaintiff** | **:** | **No. 1:20-cv-00876** |
| | **:** | |
| **v.** | **:** | **(Judge Kane)** |
| | **:** | |
| **DISPLAY SOURCE ALLIANCE, LLC.,** | **:** | |
| <u>et</u> <u>al.</u>, | **:** | |
| **Defendants** | **:** | |

<u>**MEMORANDUM**</u>

Before the Court is Defendants Henry Leaverton, Thomas Leaverton, and Javier Espinosa (collectively "the Individual Defendants")' motion to dismiss Plaintiff Kirk Altmanshofer ("Plaintiff")'s first amended complaint against them for failure to state a claim for which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. No. 16.)  For the reasons that follow, the Court will grant the Individual Defendants' motion.

I.   **BACKGROUND**

A.   **Procedural Background**

Plaintiff initiated the above-captioned action on May 29, 2020 by filing a complaint in this Court asserting claims for breach of contract and violations of the Pennsylvania Wage Payment and Collection Law, 43 PA. CONS. STAT. § 260.1, <u>et seq.</u> ("WPCL"), against the Individual Defendants and Display Source Alliance, LLC ("DSA").  (Doc. No. 1.)  On August 24, 2020, the Individual Defendants filed a motion to dismiss the complaint (Doc. No. 10), while DSA filed an answer to the complaint (Doc. No. 9).  Plaintiff subsequently filed the first amended complaint on September 8, 2020.  (Doc. No. 12.)  In light of the filing of an amended complaint, the Court denied the Individual Defendants' first motion to dismiss as moot.  (Doc. No. 13.)  After the parties stipulated to an extension of time to respond to the first amended

complaint (Doc. No. 14), on October 6, 2020, DSA once again filed an answer (Doc. No. 17), and the Individual Defendants filed a renewed motion to dismiss the first amended complaint (Doc. No. 16).  Having been fully briefed (Doc. Nos. 16-1, 18, 21), the renewed motion is ripe for disposition.

### B.      Factual Background[1]

Plaintiff is a citizen of Pennsylvania who resides in York County.  (Doc. No. 12 ¶ 1.) DSA is a limited liability company organized under the laws of the state of Texas that, during the period relevant to this action, maintained an office in Hershey, Pennsylvania.  (Id. ¶ 2.)  The Individual Defendants hold corporate office as follows: Henry Leaverton is the chief executive officer of DSA (id. ¶ 3); Thomas Leaverton is the chief operating officer of DSA (id. ¶ 4); and Javier Espinosa is the chief marketing officer of DSA (id. ¶ 5).

Plaintiff alleges that he "was hired by DSA and Defendant Henry Leaverton on July 13, 2015" as the Director of Front End Innovation for DSA.  (Id. ¶ 9.)  He submits that his compensation plan included an annual salary of eighty thousand dollars ($80,000) as well as a "DFEI Incentive Plan" that indicated he would also be paid for commissions on programs executed.  (Id. ¶¶ 9, 11.)  Plaintiff states that in 2016, his job duties were changed to include equipment sales, the commission for which, according to his supervisor, Tom Norman, would be six (6) percent of the sales margin.  (Id. ¶ 12.)  Plaintiff alleges that although he accepted the change to his job duties and commission rates and "faithfully performed his job duties" during 2017, Defendants failed to pay him any DFEI Incentive Plan payments for executed programs or commissions for equipment sales attributable to Plaintiff throughout that year.  (Id. ¶¶ 13-14.)

---

[1] The following factual background is taken from the allegations of Plaintiff's first amended complaint.  (Doc. No. 12.)

Plaintiff alleges that "on or about March 23, 2018, Defendants paid Plaintiff retroactive commission payments at the rate of $3,000 per week, totaling $60,000 for the amounts owed in the 2017 calendar year, leaving at least $70,655.25 unpaid." (Id. ¶ 17.)  Plaintiff further alleges that in 2018, Defendants once again failed to pay Plaintiff any DFEI Incentive Plan payments for executed programs or commissions for sales attributable to Plaintiff throughout the year. (Id. ¶ 19.)  Plaintiff asserts that the same nonpayment occurred for 2019. (Id. ¶¶ 22-24.)  In addition, Plaintiff states that he "repeatedly requested explanations of the calculation of his commissions throughout 2017, 2018, and 2019, but Defendants Henry Leaverton and Thomas Leaverton failed and refused to provide such explanations." (Id. ¶ 29.)  Plaintiff was terminated from DSA on October 10, 2019. (Id. ¶ 26.)  Subsequent to his termination, Plaintiff asserts that "by check dated October 18, 2019, Defendants paid Plaintiff a gross amount of $19,924.10 noting the amount was attributable to 'commissions.'" (Id. ¶ 28.)

## II.    LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When reviewing the sufficiency of a complaint pursuant to a motion to dismiss under Rule 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff.  See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  However, the Court need not accept legal conclusions set forth as factual allegations.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rather, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible."  See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Consistent with the Supreme Court's ruling in <u>Twombly</u> and <u>Iqbal</u>, the Third Circuit has identified three steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6):  (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief."  <u>See</u> <u>Santiago v. Warminster Twp.</u>, 629 F. 3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).  A complaint is properly dismissed where the factual content in the complaint does not allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>See</u> <u>Iqbal</u>, 556 U.S. at 678.  Additionally, a court may not assume that a plaintiff can prove facts that the plaintiff has not alleged.  <u>See</u> <u>Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).

## III.    DISCUSSION

### A.    Legal Standard

The WPCL is a vehicle through which employees may recover unpaid wages and benefits owed by an employer.  <u>See</u> 43 PA. CONS. STAT. §§ 260.3, 260.9a.  Under this statute, an "employer" is defined as "every person, firm partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or officer of any of the above-mentioned classes employing any person in this Commonwealth."  <u>See</u> <u>id.</u> § 260.2a.  By its terms, this broad definition can also impose liability on high-ranking corporate officers for unpaid wages; however, a plaintiff must "plead and prove that the officer or agent charged took an 'active role' in the corporate advising, policy-making or decision-making that led to the alleged violation of the WPCL before a corporate officer or agent may be considered an

'employer' and subject to liability."  See White v. Ciber, Inc., No. 1:07-CV-1483, 2007 WL 3491272, at *3 (M.D. Pa. Nov. 14, 2007).  Therefore, when seeking to impose liability on an individual officer, alleging that the officer held a particular title is insufficient.  See Mohney v. McClure, 568 A.2d 682, 686 (Pa. Super. Ct. 1990) (rejecting the argument that the legislature "intended liability merely by virtue of holding corporate office"), aff'd, Mohney v. McClure, 604 A.2d 1021 (Pa. 1992).

    **B.**    **Parties' Arguments**

In support of the instant motion, the Individual Defendants argue that the first amended complaint fails to "allege any facts to suggest that the Individual Defendants were <u>actively</u> involved in setting the terms of Plaintiff's commission structure or withholding the commissions Plaintiff believes he is now owed[.]"  (Doc. No. 16-1 at 6 (emphasis in original).)  The Individual Defendants note that, even when viewed in the light most favorable to Plaintiff, the first amended complaint at most alleges that Defendant Henry Leaverton is liable under the WPCL because he signed Plaintiff's personnel documents.  (<u>Id.</u> at 8.)  Further, the Individual Defendants point out that Plaintiff specifically alleges at one point in the first amended complaint that Tom Norman, Plaintiff's direct supervisor, set the terms of his commission structure rather than the Individual Defendants.  (<u>Id.</u> at 8 (citing Doc. No. 12 ¶ 12).)  Finally, the Individual Defendants argue that the only allegations related to Defendants Thomas Leaverton and Javier Espinosa are "boilerplate" statements that they are "'active decision-maker[s]' and 'made fiscal management decisions' relevant to Plaintiff's employment and wages" (<u>id.</u> at 8-9 (citing Doc. No. 12 ¶¶ 41-43)), and that Plaintiff "does not expound elsewhere in the FAC on what decisions Messrs. Thomas Leaverton and Javier Espinosa made that could expose them to personal liability under the WPCL" (<u>id.</u> at 9).  In response, Plaintiff argues, in sum, that "all of [the Individual

Defendants] directly participated in the decisions to ignore Plaintiff's requests, deny him explanations, redirect his earnings for corporate operations and ultimately to terminate him and withhold his commissions, in violation of WPCL."  (Doc. No. 18 at 10.)

    **C.**    **Whether the Court Should Dismiss Plaintiff's Claims as to the Individual Defendants**

        Upon review of the first amended complaint, the parties' arguments, and the applicable law, the Court will dismiss Plaintiff's claims as to the Individual Defendants.  As an initial matter, the Court notes that the allegations of the first amended complaint are, with limited exception, asserted generally against all Defendants with no delineation or specificity.  Notably absent from the first amended complaint are any allegations regarding: (1) how the Individual Defendants were involved in setting the specific terms of Plaintiff's employment; (2) how the Individual Defendants are responsible for personnel and payment decisions beyond simply holding corporate office; or (3) anything the Individual Defendants said or did that led to the alleged WPCL violation in this case.  Plaintiff's only specific allegations related to the Individual Defendants are that Defendant Henry Leaverton signed his initial hiring letter (Doc. No. 12 ¶ 9), his paychecks (id. ¶ 25), and his letter of termination (id. ¶ 27).  Otherwise, Plaintiff merely alleges that the Individual Defendants failed to provide explanations for the calculation of Plaintiff's commissions throughout 2017, 2018, and 2019 (id. ¶¶ 21, 29), or that they failed to pay the same (id. ¶¶ 30-31).[2]  Plaintiff also makes the conclusory assertion that by failing to pay

---

[2] Even if the Court were persuaded that Plaintiff's minimal allegations regarding Defendant Henry Leaverton were sufficient to plead individual liability here, Plaintiff's allegations regarding Defendants Thomas Leaverton and Javier Espinosa are even more attenuated. Regarding any activity on the part of Thomas Leaverton, Plaintiff's only allegation beyond those related to Defendant's corporate title is that "Plaintiff has repeatedly requested explanations of the calculation of his commissions throughout 2017, 2018, and 2019, but Defendants Henry Leaverton and Thomas Leaverton failed and refused to provide such explanations."  (Doc. No. 12 ¶ 29.)  Regarding any activity on the part of Javier Espinosa, Plaintiff only states that "[o]n or

Plaintiff's commissions, Defendants "wrongfully used Plaintiff's unpaid commissions as operating capital." (Id. ¶ 32.)

The Court does not find such limited allegations sufficient to support the imposition of individual liability here.  This Court and others have previously dismissed claims against individual defendants in WPCL actions for asserting similarly bare allegations.  See, e.g., Britton v. Whittmanhart, Inc., No. 09-CV-1593, 2009 WL 1855325, at *5 (E.D. Pa. June 25, 2009) (dismissing WPCL claim against individual defendant who was a branch manager and division president); White, 2007 WL 3491272 at *4 (dismissing WPCL claim against two individual defendants, including a vice president who signed the plaintiff's employment agreement). Plaintiff's argument appears to be that all corporate office holders are per se responsible for and authorized to make payroll decisions relating to individual employees, making them personally liable for any alleged failure to pay compensation owed regardless of whether they were in fact involved in any decision-making on the subject.  The Court does not find support for this argument in the case law, nor is the Court required to credit conclusory allegations. Accordingly, the Court will dismiss Plaintiff's WPCL claim against the Individual Defendants.[3]

---

about March 28, 2019, Plaintiff advised Defendant Espinosa that DSA had not paid Plaintiff and other sales persons the commissions they were due.  Defendant Espinosa failed and refused to pay same." (Id. ¶ 30.)  Plaintiff has not alleged what personnel management authority Defendant Espinosa had as chief marketing officer.

[3] The Third Circuit has "instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile."  See Phillips v. Cty. of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008) (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)).  "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."  Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (citing Smith v. NCAA, 139 F.3d 180, 190 (3d Cir. 1998), rev'd on other grounds, 525 U.S. 459 (1999)).  As the Court cannot determine at this time that Plaintiff could not plead additional facts to support liability for the Individual Defendants, this dismissal is without prejudice.

**IV.      CONCLUSION**

For the foregoing reasons, the Individual Defendants' motion to dismiss (Doc. No. 16) will be granted.  An Order consistent with this Memorandum follows.